AO 106 (Rev. 04/10) Application for a Search Warrant (USAO CDCA Rev. 01/2013)    Approved and Authorized Date: s/ Stephen C. Hoch 4/22/2024

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Information Associated with The Cellular Device Assigned Call Number (405) 626-4797, With International Mobile Subscriber Identity/Electronic SN 310280004902113, That Is Stored At Premises Controlled By AT&T

Case No. M-24- 368 -STE

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the     Western     District of     Oklahoma    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession with Intent to Distribute, Distribution and/or Manufacture of a Controlled Substance. |

The application is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brook J. Wison, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Apr 23, 2024

*Judge's signature*

City and state: Oklahoma City, Oklahoma    SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

AUSA: Stephen C. Hoch

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER (405) 626-4797, WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY / ELECTRONIC SERIAL NUMBER 310280004902113, THAT IS STORED AT PREMISES CONTROLLED BY AT&T. | Case No. M-24- 368  -STE<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Brook J. Wilson, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this Affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (405) 626-4797, with International Mobile Subscriber Identity/Electronic Serial Number 310280004902113 (**Target Phone**), that is stored at premises controlled by AT&T, a wireless telephone service provider headquartered at 11760 US Highway 1, Suite 300, North Palm Beach, Florida 33408. The information to be searched is described in the following paragraphs and in **Attachment A**. This Affidavit is made in support of an

application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require AT&T to disclose to the government copies of the information further described in Section I of **Attachment B**. Upon receipt of the information described in Section I of **Attachment B**, government-authorized persons will review the information to locate items described in Section II of **Attachment B**.

2. I, Brook J. Wilson, am a Special Agent with the Drug Enforcement Administration. I have been a Special Agent since October 2014, having previously worked as a United States Border Patrol Agent from 2006 until 20014. After successfully completing the DEA training academy at Quantico, Virginia, I was assigned to the Sierra Vista Resident Office in Sierra Vista, Arizona. In October 2019 I was transferred to the Oklahoma City District Office, where I am currently assigned to the Tactical Diversion Squad. As such, I am an investigative and law enforcement officer of the United States authorized to conduct investigations of, and to make arrests and seizures for, violations of the Controlled Substances Act (Title 21, United States Code, Sections 801, et seq.).

3. As part of my duties as a Special Agent, I investigate criminal violations relating to trafficking in illegal narcotics. As a result of my training and experience, including information provided by other federal

agents with applicable knowledge, I am familiar with the tactics, methods, and techniques used by drug traffickers. As part of my job, I have conducted numerous investigations involving the use of the Internet, email, and social media to further criminal activity. I have participated in the execution of numerous federal search warrants involving various types of evidence and property.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

5. Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute, Distribution, and/or Manufacture of a Controlled Substance) have been committed by **Patricia MORRIS,** as they relate to the overdose death of Timithy McFarland. There is also probable cause to search the information described in **Attachment A** for evidence of these crimes and contraband or fruits of these crimes, as described in **Attachment B.**

## PROBABLE CAUSE

6. On February 8, 2024, at approximately 9:06 p.m., officers with the Midwest City Police Department (MCPD) were dispatched to 640 E. Bouse Dr., Midwest City, Oklahoma 73110 (located within the Western District of Oklahoma) in reference to a suspected deceased individual. Upon arrival, officers located Timithy McFarland lying in the living room surrounded by indicia of fentanyl use, including tin foil, a long metal straw, a small plastic baggie,[1] and a single dose of Narcan. Shortly after encountering McFarland, law enforcement determined that he was deceased. MCPD officers also recovered the **Target Phone,** which belonged to McFarland, near McFarland's body.

7. In March 2024, Drug Enforcement Administration (DEA) personnel offered to assist MCPD with its investigation. On March 27, 2024, custody of the evidence collected from 640 E. Bouse Dr. was transferred from MCPD to DEA. DEA agents and officers subsequently contacted McFarland's mother, Tracey McFarland. She stated that, on the evening of February 6, 2024, McFarland was at her residence with her, her husband, and McFarland's juvenile daughter. According to Tracey McFarland, at

---

[1] The residual powder found in the plastic baggie tested presumptively positive for fentanyl.

approximately 3:00 a.m. on February 7, 2024, McFarland hurriedly left the residence and did not return.

8.  Tracey McFarland further stated that, before McFarland left the residence, the **Target Phone** was ringing multiple times to indicate incoming messages. She provided law enforcement with the passcode to the **Target Phone** and consented to a search of the device.

9.  While conducting a forensic examination on the **Target Phone,** law enforcement reviewed a Facebook conversation between McFarland and Facebook account username "Trisha Jayne Thompson." The following conversation began at approximately 8:33 p.m. on February 6, 2024, and ended at approximately 3:49 a.m. on February 7, 2024:

| | |
|---|---|
| **McFARLAND:** (8:33 p.m.) | Idk you don't want to help me could you at least connect me to your plug |
| **McFARLAND:** (10:01 p.m.) | *Audio call fails to connect* <br> Hey I really need some fent <br> Could you meet up with me or connect me with your plug |
| **McFARLAND:** (10:04 p.m.) | *Audio call fails to connect* <br> Trish? <br> What do I need to do for you to help me out tonight lol |
| **THOMPSON:** (12:28 a.m.) | Yo |
| **THOMPSON:** (12:30 a.m.) | *Audio call connected* |

5

| | |
|---|---|
| McFARLAND: (12:30 a.m.) | Send me your address I'll come get you |
| McFARLAND: (12:49 p.m.) | *Audio call fails to connect* We're you able to get ahold of your plug? |
| McFARLAND: (12:59 a.m.) | *Audio call fails to connect* |
| THOMPSON: (1:26 a.m.) | *Audio call connected* |
| McFARLAND: (1:26 a.m.) | I 40an Douglas? |
| THOMPSON: (1:26 a.m.) | Yea |
| THOMPSON: (1:32 a.m.) | *Audio call connected* |
| McFARLAND: (2:21 a.m.) | Eh where'd you go? |
| McFARLAND: (2:36 a.m.) | Do you got any fentanyl? |
| McFARLAND: (3:49 a.m.) | Thanks, let me know if you ever want to just hang out I still think your fine and would love to hit sometime lol |

10. Further investigation into the **Target Phone** revealed that McFarland sent a $10.00 payment using CashApp on February 7, 2024, at approximately 2:54 a.m. The payment was sent to a CashApp account with username "Trisha Thompson" and user ID $PayTrishnow. I believe that this

6

CashApp account belongs to an individual named **Patricia MORRIS** based on my personal observations,[2] as well as statements made by **MORRIS** to law enforcement.[3] In addition to the February 7, 2024 payment, McFarland sent two prior payments—each for $20.00—to CashApp user ID $PayTrishnow on February 2, 2024.

11. On March 13, 2024, law enforcement received records from AT&T based on an administrative subpoena submitted for cell phone number (405) 626-4797, which belonged to Timithy McFarland, as confirmed by members of his family. The subscriber and billing party is listed as Matthew S. McFarland—Timithy McFarland's father—with an address of 12789 SE 18th St., Choctaw, Oklahoma 73020. The IMSI was identified as 310280004902113.

12. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1) have been committed by **Patricia MORRIS**. There is also probable cause to search the information described in **Attachment A** for

---

[2] I believe **Patricia MORRIS** is the same person pictured in the profile photo associated with CashApp user ID $PayTrishnow.
[3] On February 6, 2024, law enforcement interviewed **MORRIS** in reference to a separate investigation. During the interview, **MORRIS** informed law enforcement that she often utilizes two last names—**MORRIS** and Thompson—and that she often shortens her first name to "Trisha."

7

evidence of these crimes and contraband or fruits of these crimes as further described in **Attachment B.**

## AT&T BACKGROUND INFORMATION

13. In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

8

14. Based on my training and experience, I know that AT&T can collect cell-site data about the **Target Phone.** I also know that wireless providers such as AT&T typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

15. Based on my training and experience, I know that AT&T also collects per-call measurement data, which AT&T also refers to as the "real-time tool" ("RTT"). RTT data estimates the approximate distance of the cellular device from a cellular tower based on the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

16. Based on my training and experience, I know that wireless providers such as AT&T typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as AT&T typically collect and retain information

about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the **Target Phone's** user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

17. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

18. I further request that the Court direct AT&T to disclose to the government any information described in Section I of **Attachment B** that is within its possession, custody, or control. Because the warrant will be served to AT&T, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

_____
Brook J. Wilson
Special Agent
Drug Enforcement Administration

Subscribed and sworn on this 23rd day of April, 2024.

_____
SHON T. ERWIN
United States Magistrate Judge

11

## **ATTACHMENT A**

## **Property to Be Searched**

This warrant applies to records and information associated with the cellular telephone assigned call number (405) 626-4797, with International Mobile Subscriber Identity/Electronic Serial Number 310280004902113 ("the Account"), that are stored at premises controlled by AT&T ("the Provider"), headquartered at 11760 US Highway 1, Suite 300, North Palm Beach, Florida 33408.

## ATTACHMENT B

## Particular Things to be Seized

### I.  Information to be Disclosed by the Provider

To the extent that the information described in **Attachment A** is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in **Attachment A** for the time period February 1, 2024 to February 9, 2024:

   a. The following information about the customers or subscribers of the Account:

      i. Names (including subscriber names, usernames, and screen names);

      ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

      iii. Local and long distance telephone connection records;

      iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

      v. Length of service (including start date) and types of service utilized;

      vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile

        Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

  vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

  viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

  i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

  ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received: as well as per-call measurement data (also known as the "real-time tool" or "RTT" data).

## II.     Information to be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of 21 U.S.C. § 841(a)(1) involving **Patricia MORRIS,** as they relate to the overdose death of Timithy McFarland, during the period February 1, 2024 to February 9, 2024.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.